# MAZZOLA LINDSTROM LLP

JEAN-CLAUDE MAZZOLA
PARTNER
JEANCLAUDE@MAZZOLALINDSTROM.COM
646-260-6666

April 1, 2026

**VIA ECF**

Honorable Taryn A. Merkl
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE: **Berkley Insurance Company v. FG-PH Corp. et al.**
> **Civil Action No. 1:22-cv-02109-DG-TAM**
> **Letter-Motion for Pre-Motion Conference Due to Discovery Dispute**

Dear Magistrate Judge Merkl:

This letter requests a pre-motion conference to resolve a discovery dispute.

This firm Mazzola Lindstrom LLP and its co-counsel Baker Sterchi Cowden & Rice, L.L.C., represent plaintiff Berkley Insurance Company ("Plaintiff" or "Judgment Creditor") in the above-referenced matter. Plaintiff is now a judgment creditor attempting to collect sums owed after obtaining a judgment of $ $14,452,044.22 in its favor and against Defendants/Judgment Debtors, including Michael and Polyxeni Panagiotopoulos and FG-PH Corp. ("FG-PH"). The judgment was recently affirmed, on appeal. Spyros Panagiotopoulos is the son of Judgment Debtors Michael and Polyxeni Panagiotopoulos, and, upon information and belief, operates an HVAC business out of property owned by or formerly owned by FG-PH. Property owned by Judgment Debtors, Michael and/or Polyxeni Panagiotopoulos, was also transferred to Spyros during the pendency of the underlying construction dispute which led to the litigation and, ultimately, Plaintiff's judgment.

Spyros Panagiotopoulos is represented by attorney George Gavalas of the Law Office of George M. Gavalas, who also represents the Judgment Debtors/Defendants in this same action, including Michael and Polyxeni Panagiotopoulos. Judgment Creditor seeks documents and to take the deposition of Spyros Panagiotopoulos concerning the assets of the Judgment Debtors. He has produced a small handful of the records requested, in response to document requests issued to his party-defendant parents, through their lawyer Thomas Frank, but he has not produced them all and nor will he cooperate in setting a date for his deposition under F.R.C.P. 69 and 30. This letter requests a pre-motion-to-compel conference, as required to be submitted per the applicable court rules, particularly Rule 3(A) of the Individual Rules & Practices of U.S. Magistrate Judge Taryn A. Merkl. The letter was intended by Plaintiff to be joint, and Plaintiff believes that Mr. Gavalas orally consented to the substance of Part I of this letter, which was sent to him previously, but he has refused to cooperate in getting this letter and the discovery dispute described herein before this Court. Attorney for Plaintiff/Judgment Creditor has reached out to Mr. Gavalas not less than a dozen times to get his input and cooperation, to no avail. He has not weighed in on Part II. Judge

Merkl's rule requires that the letter set forth the substance and circumstances of the in-person or telephonic conference that the disputants had prior to submission of the letter. Thus, we now proceed to do so in good faith, but without input from Mr. Gavalas.

## I. The November 2025 Subpoena Duces Tecum

Per the declaration of service filed in this action as docket entry 91, Plaintiff served George Gavalas on November 20, 2025, by e-mail, and Spyros Panagiotopoulos on November 25, 2025, by process server, with a subpoena duces tecum, requesting disclosure of enumerated documents by December 19, 2025. A copy of this subpoena is attached to this letter as **Exhibit 1**.

Spyros never responded to the subpoena, though he produced some records through his parents' attorney Mr. Thomas Frank. On February 18, 2026, Heather Shore, counsel for Plaintiff, e-mailed and mailed a letter to Mr. Gavalas, demanding disclosure by Spyros in response to the subpoena. After initially receiving no response to the letter or to e-mailed and telephonic follow-ups, on February 24, 2026, Mazzola Lindstrom LLP's Adam Wiener spoke to George Gavalas by telephone for fourteen minutes for the purpose of obtaining confirmation that his client would produce the requested documents, or else obtaining Mr. Gavalas's assent to a joint letter requesting a pre-motion conference.

Mr. Gavalas stated that the reason why Spyros did not respond to the subpoena is that the subpoena was not accompanied by a check for copying fees. Mr. Wiener explained that no check is required to be tendered with this kind of subpoena and both counsel agreed to check the law after the call. Both later did so and came to opposite conclusions, which they expressed to each other (Judgment Creditor's counsel maintaining that no check was required).

During the call, Mr. Gavalas stated to Mr. Wiener that he **would** sign on to a joint letter stating in substance the following words: Plaintiff believes that Spyros was duly served with a subpoena duces tecum and improperly failed to respond to it, and Plaintiff intends to move to compel disclosure; Spyros believes that he is not out of compliance because (1) the subpoena was inadequate as it lacked a check for copying fees, and (2) Plaintiff can obtain the same information from another source.

Thus, Plaintiff and Spyros now request a pre-motion conference to resolve this discovery dispute over the November 2025 subpoena duces tecum.

## II. The February 2025 Subpoenas ad Testificandum and Duces Tecum

On February 27, 2026, Mr. Wiener served on Mr. Gavalas (1) a draft of the joint letter containing almost exactly the text above in Part I, and (2) a subpoena ad testificandum for Spyros to attend a deposition on March 26, 2026, and (3) an accompanying subpoena duces tecum directing Spyros to produce the same documents from the 2025 subpoena duces tecum, by March 26, 2026, by the time slated for his deposition. Shortly thereafter, Mr. Wiener spoke to Mr. Gavalas by telephone, during which call Mr. Gavalas stated that he would review these materials. Mr. Gavalas never signed the February joint letter.

MAZZOLA LINDSTROM LLP

On March 5, 2026, Mr. Wiener spoke to Mr. Gavalas on the telephone. about the February subpoenas. He said that he was willing to turn over documents and that some of what was being asked was reasonable, like for the documents relating to the parents (defendants Michael and Polxyeni Panagiotopoulos), but that he had objections. Firstly, that some documents were easily obtainable by us through, for example, ACRIS; secondly, that the document demands were overbroad and unduly burdensome; and thirdly, that the demands to some extent requested irrelevant information.

Mr. Wiener declined to accept his representation that some material was irrelevant. Mr. Wiener told him to divide the document requests into three groups: the reasonable, the overbroad, and the material that Plaintiff can get from ACRIS. And Mr. Wiener told him to start turning over whatever he thought was reasonable, and that Plaintiff's counsel would see how much more they needed. Mr. Wiener advised that this was still a subpoena and that unless Mr. Gavalas moved and won on a motion to quash, Plaintiff's counsel continued to deem the subpoena and all of its document requests to be effective. He agreed to do this and to turn over documents that he regarded as reasonably requested, starting with Spyros's personal bank statements for the prior five years.

Mr. Wiener then asked Mr. Gavalas whether Spyros would attend the subpoenad deposition on March 26, 2026. Mr. Gavalas stated that he would get Spyros to show up for a deposition, but, as to the date of March 26, 2026, "absolutely not," and Mr. Gavalas would be away travelling for Easter until April 5th. Mr. Gavalas also stated that he buys and sells so much property, and his tax statements are therefore so complicated, that he would appreciate not having to deal with this until after Tax Day, April 15. The call on March 5 ended not long after this point.

Between then and now, Spyros Panagiotopoulos has produced no documents, in response to either subpoena duces tecum, notwithstanding Mr. Gavalas's representation that some of the document requests were reasonable and would be answered. Mr. Panagiotopoulos has also, as predicted by Plaintiff's counsel, not attended a deposition on March 26, 2026. On March 27, 2026, Mr. Wiener called Mr. Gavalas's office for a conference, and to request his signature on a joint letter, and to ascertain his location, and was told by his secretary that he had been in the office, and was at that exact time out in the middle of a closing. She also said that on March 26 and earlier in the week he had been at trial. On Monday March 30, 2026, Mr. Wiener called Mr. Gavalas's office for the same reasons and was told that he was at a "local" trial on Monday, Tuesday, and maybe Wednesday, and might possibly be back in the office on Monday. It thus seems that Mr. Gavalas's statement on March 5, that he would be travelling around March 26th for Easter until April 5, was false.

Plaintiff's counsel are currently ordering service of yet another subpoena ad testificandum and duces tecum on Mr. Gavalas and Mr. Panagiotopoulos, setting a deposition and production deadline on April 23, 2026. Plaintiff's counsel also served nearly the present draft of this letter on Mr. Gavalas, on March 30, 2026, and requested his signature or any proposed modifications. Plaintiff's counsel has since called him to follow up, including shortly before the filing of this letter, to no avail.

MAZZOLA LINDSTROM LLP

## Conclusion

Thus, Plaintiff now requests a pre-motion conference to resolve this discovery dispute over the November 2025 subpoena duces tecum, the February 2025 subpoena duces tecum, and the February 2025 subpoena ad testificandum, and to ensure compliance with the upcoming subpoena deadlines.

Dated: April 1, 2026

**MAZZOLA LINDSTROM LLP**

By: Jean-Claude Mazzola, Esq.
1350 Avenue of the Americas,
Second Floor
New York, New York 10019
Telephone: (646) 250-6666
jeanclaude@mazzolalindstrom.com

**BAKER STERCHI COWDEN & RICE, L.L.C.**

*/s/ Heather F. Shore*
By: Heather F. Shore, Esq. (*pro hac vice*)
MO #57048
2400 Pershing Road, Suite 500
Telephone: 816-931-0500
Facsimile: 816-931-5775
heather.shore@bakersterchi.com

*Attorneys for Plaintiff Berkley Insurance Company*

**LAW OFFICE OF GEORGE M. GAVALAS**

By: George M. Gavalas, Esq.
2001 Marcus Avenue, Suite N125
Lake Success, New York 11042
Telephone: (516) 746-1515
attorneyatlaw@aol.com

*Attorney for Non-Party Spyros Panagiotopolous*