MANDATE

25-1053
*Berkley Insurance Co. v. FG-PH Corp., et al*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

PRESENT:
REENA RAGGI,
MYRNA PÉREZ,
SARAH A. L. MERRIAM
*Circuit Judges.*

_____

BERKLEY INSURANCE COMPANY,

*Plaintiff-Appellee,*

v.                                                     No. 25-1053

FG-PH CORP., ARISTA MECHANICAL HVAC, INC., CEGF&G PLUMBING CORP., 1815 LINDEN, LLC, EFSTRATIOS GEORGELIS, MICHAEL PANAGIOTOPOULOS, POLYXENI PANAGIOTOPOULOS, CARLOS CASSIUS,

1

MANDATE ISSUED ON 04/02/2026

CARMEN CASSIUS,

*Defendants-Appellants.*

———————————————————

**FOR PLAINTIFF-APPELLEES:**     Charles E. Williams, Peckar & Abramson, P.C., New York, NY.

**FOR DEFENDANTS-APPELLANTS:**     Thomas Frank, The Frank Law Firm P.C., Huntington, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gujarati, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

This appeal arises out of a claim for contractual indemnification brought by Plaintiff-Appellee, Berkley Insurance Company ("Berkley"), against Defendants-Appellants. The District Court granted Berkley's motion for summary judgment on Berkley's indemnification claim and awarded damages for which Defendants-Appellants are jointly and severally liable. Defendants-Appellants now appeal the District Court's decision. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

2

## I.    <u>Background</u>

Defendant-Appellant FG-PH, a general contractor, entered a construction contract with Casa Pasiva Housing Development Fund Corporation and Casa Pasiva, LLC ("Casa Pasiva") to renovate eight apartment buildings in Brooklyn.  Around the same time, Berkley issued a performance bond in the amount of $21,292,247 as surety for FG-PH's obligations to Casa Pasiva under the construction contract.  As a condition of issuing the bond, Berkley required FG-PH to enter a General Agreement of Indemnification ("GAI"), which created a "contractual indemnification and hold harmless obligation owed [by FG-PH] to Berkley."[1]  App'x at 85.

The construction project experienced delays and in April 2021, Casa Pasiva terminated the construction contract and asserted a claim under the performance bond.[2] A few months later, Berkley and Casa Pasiva reached a settlement of Berkley's surety obligations under the performance bond.  Berkley paid Casa Pasiva $10.5 million, and the parties executed an unconditional general release.  *See* App'x at 60–61, 83–84.

Berkley brought the instant lawsuit seeking to enforce FG-PH's obligation under the GAI to fully compensate Berkley for its payment to Casa Pasiva.  The District Court granted Berkley's motion for summary judgment on its contractual indemnification claim

---

[1]    In addition to FG-PH, the other Defendants-Appellants also individually executed the GAI, which made them jointly and severally liable for FG-PH's indemnification obligation.

[2]    The parties dispute whether the termination of the contract was "for cause," App'x at 86–87, but this dispute is not material for our resolution of this appeal.

3

and awarded damages in the amount of $10.5 million plus prejudgment interest.  *See Berkley Ins. Co. v. FG-PH Corp.*, No. 22-cv-02109, 2025 WL 929469, at *1–2, 10 (E.D.N.Y. Mar. 26, 2025).  Defendants-Appellants now appeal that decision.

## II.     Standard of Review

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor."  *Roth v. Armistice Cap., LLC*, 151 F.4th 21, 25–26 (2d Cir. 2025).  Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment may be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## III.     Discussion

"New York courts have held that pursuant to an indemnity agreement such as that signed by the defendants, the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount, and this rule applies regardless of whether the principal was actually in default or liable under its contract with the obligee."  *John Deere Ins. Co. v. GBE/Alasia Corp.*, 869 N.Y.S.2d 198, 199 (2d Dep't 2008) (quoting *Lee v. T.F. DeMilo Corp.*, 815 N.Y.S.2d 700, 702 (2d Dep't 2006)).  Crucially to this matter, that means "it is irrelevant whether the indemnitor was actually liable on the underlying debt."  *Id.*

4

A surety establishes its "prima facie entitlement to judgment as a matter of law" by submitting "documentation demonstrating its payment of a settlement on behalf of the defendants, as well as an itemized list of expenses paid in connection therewith." *Int'l Fid. Ins. Co. v. Kulka Const. Corp.*, 954 N.Y.S.2d 638, 639 (2d Dep't 2012). Once a plaintiff has made a prima facie showing, the plaintiff is entitled to summary judgment unless the defendant can "raise a triable issue of fact as to the good faith or reasonableness of the payments" made by the plaintiff. *Id.* "Payment is made in good faith if the surety pays the claims in the honest belief that it was liable for such claims." *John Deere*, 869 N.Y.S.2d at 199–200 (quoting *Lee*, 815 N.Y.S.2d at 702). But "speculative and conclusory assertions" do not suffice to raise a triable issue as to a surety's good faith. *Int'l Fid.*, 954 N.Y.S.2d at 639.

Berkley is entitled to summary judgment on its indemnification claim under the GAI.

First, Berkley submitted evidence, which Defendants-Appellants do not contest, documenting that it made a payment of $10.5 million to Casa Pasiva in fulfillment of its surety obligations under the performance bond. *See* App'x at 59–61. That suffices to meet Berkley's prima facie burden under New York law.

Appellants' argument that Berkley had no obligation to perform pursuant to the bond because Casa Pasiva was in breach of the construction contract is unavailing. The GAI unambiguously gave Berkley exclusive discretion to settle claims arising out of the

5

performance bond. *See id*. at 26–27; *see also Hughes Comms. India Private Ltd. v. The DirecTV Grp., Inc.*, 71 F.4th 141, 148 (2d Cir. 2023) (observing that, under New York law, where a "contract is clear and unambiguous," it "'must be enforced according to the plain meaning of its terms.'" (quoting *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019))). And as New York courts have consistently held, whether FG-PH was actually in breach of the construction contract is irrelevant to whether Berkley is entitled to indemnification under the GAI. *See John Deere*, 869 N.Y.S.2d at 199–200; *Int'l Fid.*, 954 N.Y.S.2d at 639; *Frontier Ins. Co. v. Renewal Arts Contracting Corp.*, 784 N.Y.S.2d 698, 699–700 (3d Dep't 2004) (collecting cases).

Second, nothing in the record suggests that Berkley settled the surety claim in bad faith. While Defendants-Appellants urge that there is a disputed issue of fact as to Berkley's good faith, *see* Appellants' Br. at 10–12, given the absence of any support in the record, these "speculative and conclusory assertions" are not enough to defeat Berkley's motion for summary judgment. *See Int'l Fid.*, 954 N.Y.S.2d at 639. Thus, Berkley is entitled to summary judgment on its claim for contractual indemnification.

6

IV.    **Conclusion**

We have considered Defendants-Appellants' remaining arguments and find them

to be without merit.  Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit